IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOKF, N.A., as Indenture Trustee,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. 21-00029-KD-B |
| ) | |
| **BAMA OAKS RETIREMENT, LLC,** ) | |
| **SAINT SIMONS HEALTH CARE, LLC,** ) | |
| **and MEDICAL CLINIC BOARD OF THE** ) | |
| **CITY OF MOBILE (SECOND),** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This action is before the Court on the Receiver's Motions to Approve Compensation for Services Rendered and Expenses Incurred from June 1, 2022 through June 30, 2022 and from July 1, 2022 through July 31, 2022 (the Fee Applications), filed by Derek Pierce, managing partner of Healthcare Management Partners, LLC (doc. 157; doc. 163). For June, the Receiver seeks approval of compensation in the amount of $3,000.00, and expenses in the amount of $35.54 (doc. 157, p. 4). For July, the Receiver seeks approval of compensation in the amount of $3,000.00 (doc. 163, p. 4).

The Receiver asserts that he has managed, operated, and administered the Receivership Estate in an "economical and efficient manner in compliance with the terms and conditions of the Bond Documents and applicable law and in the best interest of the Receivership Estate's creditors" (doc. 157, p. 2); doc. 163, p. 2). The Receiver also asserts that his "activities during the Application Period were substantial, beneficial, and necessary for the fulfillment of the Receiver's duties and obligations pursuant to the Receiver Order" and that the services were reasonable and necessary and performed for the benefit of the Receivership Estate (doc. 157, p. 3-4; doc. 163, p. 3-4).

In support, the Receiver cites to certain provisions in the Order appointing the Receiver (doc. 40). Specifically, paragraphs 8(xxx) and 36-38, which provide for an application process and payment to the Receiver for a Management Fee and out-of-pocket expenses. Paragraph 37 states that the "Receiver shall receive from the Receivership Estate the greater of Three Thousand

($3,000) per month (the "Minimum Monthly Fee") or five (5%) percent of Net Revenues … (the "Base Management Fee," and collectively with the Minimum Monthly Fee, the "Management Fee") (Id., p. 21).

The Receiver also states that the Facility's books were not closed at the conclusion of the Application Period. As a result, he seeks approval of fees in the amount of $3,000, the Minimum Monthly Fee, but reserves the right to apply for payment of additional fees, based upon the Net Revenues for the periods ending June 30, 2022 and July 31, 2022.[1]

The Receiver also provides the Court with detailed accountings of the services provided by the Receiver or members of the Receiver's LLC (doc. 157, Exhibit A; doc. 163, Exhibit A). The Receiver explains that members of the LLC were employed as necessary and appropriate and in the interest of economy.

Upon consideration of the Motions/Fee Applications, the detailed accountings of the services provided, the Order appointing the Receiver, and the absence of any objections, the Motions (doc. 157; doc. 163) are GRANTED. Accordingly, the Fee Applications are approved, and the Receiver is directed to pay, without further court order and at such times as the Receiver determines in his discretion that funds are available, compensation in the amount of $3,000.00 for professional services rendered by the Receiver in performing his duties and obligations during the June Application Period and expenses in the amount of $35.54, and compensation in the amount of $3,000.00 for professional services rendered by the Receiver in performing his duties and obligations during the July Application Period.

DONE and ORDERED this the 13th day of October 2022.

> s/ Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE

---

[1] To date, the Receiver has not applied for additional fees.